[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 649.]

COLUMBUS BAR ASSOCIATION *v*. BUNGE.

[Cite as *Columbus Bar Assn. v. Bunge*, 1995-Ohio-111.]

*Attorneys at law—Misconduct—Six-month suspension—Conduct involving fraud, deceit, dishonesty or misrepresentation—Conduct that adversely reflects on fitness to practice law—Neglect of an entrusted legal matter—Failure to seek client's lawful objectives—Failure to carry out contract for employment—Damaging or prejudicing client—Failing to cooperate in investigation of charged misconduct.*

(No. 94-2665—Submitted January 24, 1995—Decided April 5, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-81.

————————————

{¶ 1} Relator, Columbus Bar Association, in an amended complaint filed September 23, 1994, charged respondent, Jerry L. Bunge of Columbus, Ohio, Attorney Registration No. 0037059, with misconduct, including violations of DR 1-102(A)(4) and (6) (conduct involving fraud, deceit, dishonesty, or misrepresentation, and that adversely reflects on fitness to practice law); 6-101(A)(3) (neglect of am entrusted legal matter); and 7-101(A)( 1), (2), and (3) (failure to seek client's lawful objectives, failure to carry out contract for employment, and damaging or prejudicing client). Relator also charged respondent with failing to cooperate in the investigation of his alleged misconduct in violation of Gov.Bar R. V(4)(G). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on October 28, 1994.

{¶ 2} Respondent stipulated to all the cited violations except the violation of DR 1-102(A)(4), and did not attend the hearing. He also stipulated to the events underlying these charges, as follows:

" * * * [Respondent] commenced representation of  * * * a lawyer who was seeking damages for what he believed to be his wrongful termination or failure of employment from a Columbus law firm * * *.  [Respondent] filed a complaint * * * in the Common Pleas Court of Franklin County; defendant filed a motion to Dismiss; [r]espondent filed no response; and[ ] the case was dismissed with prejudice.  Respondent filed a Notice of Appeal on behalf of [his client] and obtained three extensions for filing a brief.  He never filed a brief, and the appeal was dismissed *sua sponte* on June 18, 1993, with notice to [respondent].

"* * * Respondent had a conversation with [his client] on or about November, 1993, at which time, [respondent] failed to disclose * * * that he had not met the briefing requirement or that the appeal had been dismissed.

"* * * It is stipulated that [the client] would testify that [respondent] told him the matter had not yet been determined because [respondent] was waiting for the [appellee] to file its brief in the appeal, and other reasons that did not prove to be true.

" * * * It is stipulated that [respondent] would testify that he has no recollection of having lied to [his client] in the manner described * * *, but would admit that he does not recall specifically what explanation he gave to [his client] at that time.

" * * * [Respondent's client], through the assistance of [other] counsel, reached a financial settlement * * * with respondent whereby respondent agreed to pay the total sum of $10,000.00 as full settlement of the underlying financial malpractice case.  Respondent has made payments to date and a portion of the payment remains to be made pursuant to the settlement."

{¶ 3} The panel found that respondent violated the cited Disciplinary Rules and Gov.Bar R. V(4)(G), as admitted, and also that he misled his client in violation of DR 1-102(A)(4). In recommending a sanction, the panel considered that much of respondent's misconduct reprised the already resolved malpractice claim, and it

was more troubled by respondent's dishonesty toward his client. The panel recommended that respondent be suspended from the practice of law for six months. The board adopted the panel's findings of misconduct and its recommendation.

————————————

*Bruce A. Campbell* and *David W. Hardymon*, for relator.

*Charles W. Kettlewell*, for respondent.

————————————

***Per Curiam.***

**{¶ 4}** We have reviewed the arguments and stipulations in this case and concur in the board's findings that respondent violated DR 1-102(A)(4) and (6), 6-101(A)(3), and 7-101(A)(1), (2), and (3), as well as Gov.Bar R. V(4)(G). We also agree with the recommended sanction. Respondent is, therefore, suspended from the practice of law in Ohio for a period of six months. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————